EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN MOLINA RIVERA, acusado y apelante.

Núm. 6174.—*Sometido:* Junio 18, 1936.   *Resuelto:* Julio 8, 1936.

*Servero O'Neill Torres,* abogado del apelante;   *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El Fiscal del Distrito de Arecibo formuló acusación contra Juan Molina Rivera y Juan Molina Jr., imputándoles la comisión de un delito de adulteración de leche, con carácter de

subsiguiente en cuanto a Juan Molina Rivera, por haber sido anteriormente condenado por sentencia firme por otro delito de adulteración de leche.

En noviembre 25, 1935, se celebró el juicio y los acusados fueron declarados culpables y condenados a penas autorizadas por la ley.

No conforme Juan Molina Rivera apeló. Sostiene en su alegato que:

"En este caso no se ofreció prueba alguna demostrativa de que el acusado apelante, Juan Molina Rivera, tuviese leche en expendio público para consumo humano, siendo éste un requisito indispensable en casos de esta índole.

"De la prueba practicada por el acusado apelante como descargo, aparece probado hasta la saciedad que Juan Molina Rivera estaba desligado de ese negocio desde hacía más de dos años, pues se probó que el verdadero dueño de ese depósito había sido siempre Agustín Collazo."

Hemos examinado la evidencia y es terminante con respecto a la venta de leche adulterada hecha a varias personas en un depósito público por Juan Molina, hijo de Juan Molina Rivera, el apelante, estando la licencia del depósito a nombre de éste. Siendo ello así, debe sobreentenderse que la venta se hacía para el consumo humano.

En cuanto a la directa culpabilidad del apelante, bastará transcribir lo que dice el juez de distrito en su sentencia, basándose en un examen correcto de la prueba, a saber:

"La defensa se hizo principalmente a nombre de Juan Molina Rivera, y al efecto se introdujo cierta prueba tendente a demostrar que si bien la licencia estaba a nombre de Juan Molina Rivera, él se había desligado por completo del negocio hacía como dos años y que su hijo Juan Molina, Jr., era el que se entendía con dicho negocio y el que realmente actuaba como dueño y recibía los beneficios derivados de la leche.

"Al terminarse la prueba de la defensa la Corte tenía alguna pequeña duda, no de que Juan Molina Rivera no fuera el verdadero dueño del depósito, sino de que hubiera estado en tal forma desligado del negocio que humanamente fuera injusto condenarlo por

falta de la acción u omisión criminal, como elementos esenciales del delito.

"No obstante, declaró después como contraprueba el Inspector Ernesto Acevedo, que al implantarse los nuevos reglamentos él notificó a Juan Molina Rivera quien se dió por notificado sin manifestar en forma alguna que el depósito no fuera suyo, y que para la época de la denuncia Juan Molina Rivera estaba a menudo en el depósito y que algunas veces despachaba el padre y otras veces atendía al depósito el hijo. Con esa declaración unida a la demás prueba y al hecho de que Juan Molina Rivera es el que tiene la licencia a su favor, era imposible absolver al acusado, sobre todo, de un delito en que la salud del pueblo está de por medio."

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.